OPINION OF THE COURT. POPE, C. J. 1 2 The appeal was allowed in the cause on February 26, 1910. Under Laws of 1909, Chapter 120, Section 1, the return day was one hundred and thirty days later, to-wit: July 6. On July 23, the return day was extended to August 22. No further extension was given. No transcript or assignment of errors having been filed on or before November 19, 1910, appellee moved to dismiss the appeal for failure to file each of these. Since, under Laws 1907, Chapter 57, Section 21, the transcript must be filed at least ten days before the return day, the assignments of error on or before such return day, the motion is on its face well taken. The appellant admits non-compliance with the statute in each of the respects urged, but claims that there exists such “good cause” for the omissions as, under Laws of 1907, Chapter 57, Section 21, and Laws 1909, Chapter 120, Section 2, excuses the default. The excuse tendered is the fact that the trial court refused to settle the bill of exceptions when tendered. Waiving the suggestion that this refusal, if improper, was a matter for correction at the time by mandamus, we are of the opinion that upon the record the action of the trial court was proper. The bill of exceptions was tendered after five days notice for approval on August 13, less than ten days before the extended return day, which latter, as we have seen, was August 22. This tendered it too late for approval. Laws of 1907, Chapter 57, Section 21, requires the appellant to file his transcript at least ten days before the return day, which necessarily requires the bill of exceptions to be settled -before that time. The tender was likewise too late for any order extending the time for settling the bill of exceptions, since Laws 1909, Chapter 120, Section 4, prohibits such extension of time unless application therefor shall be made at least ten days prior to the return day. The trial judge had, .therefore, no alternative but to refuse to settle the bill of exceptions so tardily presented. Appellee’s motion to docket and affirm is granted.